ROSEMARY BIANCA, a minor, by her mother and next friend, SHARON L. BIANCA, Plaintiff-Appellee, *v.* SEARS, ROEBUCK AND COMPANY *et al.,* Defendants-Appellants—(SEARS, ROEBUCK AND COMPANY, Counterplaintiff, *v.* OTIS ELEVATOR COMPANY, Counterdefendant.)

(No. 55920; )

First District—October 17, 1972.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Louis A. Lehr, Jr., and Eugene J. Kelley, Jr., of counsel,) for appellants Sears, Roebuck & Company.

Lord, Bissell & Brook, of Chicago, (Richard E. Mueller, Thomas W. Dempsey, and Hugh C. Griffin, of counsel,) for appellant Otis Elevator Company.

Kamin, Stanley and Balkin, of Chicago, (Steven J. Bahrmasel and Frank C. Stanley, Jr., of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff, a minor, sued to recover for personal injuries sustained when her hand was caught in the return rail opening of an escalator in a store owned by defendant Sears, Roebuck and Co. (hereafter referred to as Sears). Sears had contracted with defendant Otis Elevator Co. (Otis) for the maintenance of the escalator, and Sears filed a counterclaim against Otis based on that contract. The facts follow.

On November 2, 1964, plaintiff accompanied her family on a shopping trip to the Sears Store at Irving Park and Cicero Avenue in Chicago. Plaintiff was then five years of age. An escalator, consisting of two moving rubber handrails on two stationary metal balustrades with a moving stairway between, operated between the second and third floors of the store. On the second floor landing, approximately one foot above the floor, were openings where the handrails entered the balustrades. Each opening contained a return guard which encircled the handrail and was constructed of hard rubber on the outside and sponge rubber on the inside. A clearance of one-eighth of an inch was maintained between the inside of the handrail return guard and the handrail itself. This clearance was maintained to promote smooth operation, and it was this space in which plaintiff's fingers were caught.

We will proceed to a consideration of defendants' contention that the trial court committed error in sustaining plaintiff's objection to Otis' offer to show that the escalator was of a type then generally in use in the Chicago area. The basis of the trial court's ruling was that this evidence was not relevant to a determination of whether reasonable care was exercised in operating the escalator in the condition existing at the time of the accident.

██ While mere compliance with a prevailing custom is not conclusive as to whether the defendant has complied with the standard of care required, such custom and compliance therewith are admissible as bearing on what is proper conduct under the circumstances. (2 Wigmore, Evidence § 461; *Spiezio v. Commonwealth Edison Co.*, 91 Ill.App.2d 392; *Bridges v. Ford Motor Co.*, 104 Ill.App.2d 26; *Darling v. Charleston Hospital*, 33 Ill.2d 326.) In *Darling*, the Supreme Court said at page 331:

> " 'By the great weight of modern American authority a custom either to take or to omit a precaution is generally admissible as bearing on what is proper conduct under the circumstances, but is not conclusive.' [Citations.] Custom is relevant in determining the standard of care because it illustrates what is feasible, it suggests a body of knowledge of which the defendant should be aware, and it warns of the possibility of far-reaching consequences if a higher standard is required."

In *Beidler v. Branshaw*, 200 Ill. 425, cited by the plaintiff, testimony was admitted which showed that the elevator which caused personal injuries to plaintiff was of a type then used in Chicago where the accident occurred. The Supreme Court held that on the basis of other evidence a finding of negligence could be sustained notwithstanding the expert testimony. Thus, the court allowed the admission of evidence of custom, subject to the limitation that such evidence is not conclusive.

Having arrived at this decision we find no need to consider other arguments raised by defendants. The judgment is reversed and the cause remanded for a new trial and for such other and further proceedings as are not inconsistent with the views herein expressed.

Reversed and remanded with directions.

STAMOS, P. J., and LEIGHTON, J., concur.